IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DATA CARRIERS, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 13-792-LPS |
| | ) | |
| PC CONNECTION, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT PC CONNECTION INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COMPULSORY COUNTERCLAIMS

### ANSWER

Defendant PC Connection Inc. ("PC Connection" or "Defendant") files this Answer in response to the Complaint for Patent Infringement (the "Complaint") of Plaintiff Data Carriers, LLC ("Data Carriers" or "Plaintiff").

### THE PARTIES

1. PC Connection is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies those allegations.

2. PC Connection admits that PC Connection, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at Route 101A, 730 Milford Road, Merrimack, NH 03054-4631 and that it may be served with process via its registered agent The Corporation Trust Company.

## JURISDICTION AND VENUE

3.  PC Connection admits that this is a patent infringement action. The remaining allegations of this paragraph state a legal conclusion to which no response is required.

4.  This paragraph states a legal conclusion to which no response is required.

5.  This paragraph states a legal conclusion to which no response is required.

## COUNT ONE
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,388,198

6.  PC Connection admits that the application that led to the issuance of United States Patent No. 5,388,198 (the "'198 Patent") was filed on April 16, 1992. PC Connection admits that the '198 patent was issued on February 7, 1995 and is entitled "Proactive Presentation of Automating Features to a Computer User," and that a document that appears to be a copy of the '198 patent is attached to the Complaint as "Exhibit A." PC Connection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and accordingly, these allegations are denied.

7.  PC Connection is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and accordingly, these allegations are denied.

8.  Denied.

9.  Denied.

10. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

Data Carriers' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

PC Connection has not, and does not infringe, contributorily infringe, or actively induce the infringement of, any valid claim of the '198 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense (Invalidity)

The '198 Patent is invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, without limitation, one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Affirmative Defense (Prosecution History Estoppel)

On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the application, and all applications to which the '198 Patent claims priority, that led to the issuance of the '198 Patent, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Data Carriers is estopped from asserting that the claims of the '198 Patent cover and include the accused devices, methods or acts of PC Connection under the doctrine of equivalents.

### Fifth Affirmative Defense (Laches)

On information and belief, Data Carriers and/or one or more of its predecessors in interest for the '198 Patent delayed filing suit for an unreasonable and inexcusable length of time from when it knew or reasonably should have known of PC Connection's allegedly infringing products. This delay has prejudiced and injured PC Connection. Data Carriers' Complaint is barred pursuant to the doctrine of laches.

**Sixth Affirmative Defense (Failure to Mark or Provide Notice)**

On information and belief, Data Carriers is barred or otherwise limited in its right to seek damages due to a failure to mark products with the '198 Patent number or otherwise provide notice of alleged infringement of the '198 Patent to PC Connection.

**Seventh Affirmative Defense (35 U.S.C. § 288)**

Data Carriers is barred by 35 U.S.C. § 288 from recovering costs.

**Eighth Affirmative Defense (Equitable Defenses)**

Upon information and belief, Data Carriers is barred, in whole or in part, from recovering by the doctrine of acquiescence, equitable estoppel, waiver, and/or unclean hands.

**Additional Affirmative Defenses**

PC Connection's investigations into the allegations set forth in Data Carriers' Complaint are ongoing and PC Connection expressly reserves the right to assert and pursue additional defenses.

**COUNTERCLAIMS**

**THE PARTIES**

1. PC Connection is a Delaware corporation with offices at Route 101A, 730 Milford Road, Merrimack, New Hampshire 03054-4631.

2. Data Carriers alleges that it is a Delaware limited liability company with a place of business at 4023 Kennett Pike, Suite 531, Wilmington, Delaware 19807-2018.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the United States Patent Laws, 35 U.S.C. § 101, *et seq.* This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Data Carriers is subject to personal jurisdiction in this judicial district because it

availed itself of the jurisdiction of this Court, and engaged in acts giving rise to this controversy in this district.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) and pursuant to Fed. R. Civ. P. 13 because Data Carriers filed this action in this district. This venue is not, however, the most convenient under the principles relevant to 28 U.S.C. § 1404(a).

## FIRST COUNTERCLAIM
### Declaratory Judgment of Non-Infringement

6. PC Connection repeats and realleges each and every allegation contained in its Answer and Counterclaims as though fully set forth herein.

7. In this action, Data Carriers alleges that it is the owner of all substantial rights to the '198 patent and has alleged that PC Connection infringes the '198 patent.

8. PC Connection does not infringe the '198 patent.

9. An actual and justiciable controversy exists between Data Carriers and PC Connection with respect to Data Carriers' assertion of infringement.

10. PC Connection has no adequate remedy at law.

11. PC Connection is entitled to a declaration that it does not infringe any valid claim of the '198 patent, and that Data Carriers be enjoined from further charging or threatening to charge PC Connection or its customers with infringement of the '198 patent.

## SECOND COUNTERCLAIM
### Declaratory Judgment of Invalidity and/or Unenforceability

12. PC Connection repeats and realleges each and every allegation contained in its Answer and Counterclaims as though fully set forth herein.

13. Data Carriers contends that the '198 patent is valid and enforceable.

14. The '198 patent is invalid and unenforceable.

15. An actual controversy exists between Data Carriers and PC Connection regarding

the invalidity and/or unenforceability of the '198 patent.

16. PC Connection is entitled to a declaratory judgment that the claims of the '198 patent are invalid and/or unenforceable.

17. This is an exceptional case entitling PC Connection to an award of its attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, PC Connection prays for judgment in its favor, and an order:

a. dismissing Data Carriers' Complaint with prejudice;

b. awarding judgment in favor of PC Connection and against Data Carriers;

c. declaring that the '198 patent is not infringed by PC Connection or any of its customers and that PC Connection has not induced others to infringe, or contributed to the infringement of, the '198 patent;

d. declaring that the '198 patent is invalid and/or unenforceable;

e. declaring that this is an exceptional case under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, and awarding PC Connection its costs and attorneys' fees incurred in this action; and

f. granting to PC Connection such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PC Connection demands a jury trial as to all matters so triable.

| | |
|---|---|
| Of Counsel:<br><br>Aaron W. Moore<br>Matthew B. Lowrie<br>Foley & Lardner LLP<br>111 Huntington Avenue<br>Suite 2600<br>Boston, MA 02199<br>(617) 342-4000<br><br>Dated: August 28, 2013 | /s/ Frederick L. Cottrell, III<br>Frederick L. Cottrell, III (#2555)<br>cottrell@rlf.com<br>Katharine C. Lester (#5629)<br>lester@rlf.com<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br><br>*Attorneys for Defendant PC Connection Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2013, I caused to be served true and correct copies of the foregoing document in the manner indicated below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following counsel of record:

**VIA EMAIL**

Richard D. Kirk
Stephen B. Brauerman
Vanessa Ribeiro Tiradentes
Bayard, P.A.
222 Delaware Ave., Suite 900
P. O. Box 25130
Wilmington, DE 19899
(302) 655-5000

**VIA EMAIL**

Paul V. Storm
Sarah M. Paxson
Gardere Wynne Sewell LLP
Thanksgiving Tower, Suite 3000
1601 Elm Street
Dallas, TX 75201
(214) 999-3000

*/s/ Katharine C. Lester*
Katharine C. Lester (#5629)
Lester@rlf.com